## THE STATE v. JAMES MATHIS.

The 19th section of the road law provides, that it shall be the duty of all over-
  seers of public roads to measure such parts of roads as fall within their
  respective precincts or districts, in continuation, and to set up posts at the
  end of each mile leading from the court-house or some noted place or town,
  and to mark on said posts, in large legible figures, the distance in miles
  to said court-house or other noted places; and on failure to put up mile-
  posts, as aforesaid, or index-boards, within six months after their appoint-
  ment, the overseer of such road, for such failure or neglect, shall be liable
  to indictment, &c. (Paschal's Dig., Art. 5070, Note 1111.) The penalty
  is for failure to put up such posts, thus marked, within six months after the
  appointment, not for a failure to measure the miles.
It is not enough to charge that he was overseer of a public road leading from
  D to the county line of said county, in the direction of the town of Alton.

APPEAL from Dallas. The case was tried before Hon.
JOHN J. GOOD, one of the district judges.

The indictment read as follows:

"    *    *    *    That James Mathis, late of the county and
state aforesaid, on the 30th day of October, 1866, with force
and arms, in the county and state aforesaid, was overseer
of road precinct No. 5, of a public road leading from the
town of Dallas, in the county of Dallas, to the county line
of said Dallas county, in the direction of the town of Alton,
he the said James Mathis having been duly appointed over-
seer as aforesaid by the county court of said county of Dal-
las, at the February term, 1866, thereof, which appointment
was then and there accepted by said James Mathis; and he,
the said James Mathis aforesaid, overseer as aforesaid of
the precinct as aforesaid, on the day and year last aforesaid,
and within six months after his appointment as aforesaid,
did fail and neglect to put mile-posts at the end of each
mile, in continuation, in his precinct as aforesaid, with the
distance to said town of Dallas, as aforesaid, marked thereon
in large legible letters."

A motion to quash the indictment was sustained, and
the state appealed.

*William Alexander, Attorney General,* for the state, cited George Sigler v. The State, 17 Tex., 305; also Sewell v. The State, 17 Tex., 308.

*J. C. McCoy,* for the appellee, cited Paschal's Dig., Art. 5070, and the cases in Note 1111.

LINDSAY J.—We think the indictment is defective. The exception taken on the motion is well founded. The statute (Paschal's Dig., Art. 5070, p. 849) directs that " the overseers shall measure such parts of roads as fall within their respective precincts or districts, in continuation, and to set up posts at the end of each mile leading from the court-house, or some noted place or town, and to mark the said posts in large legible figures the distance in miles to said court-house or other noted place." The penalty annexed is for failure to put up such posts thus marked within six months after their appointment. The indictment simply charges, that the defendant, as overseer of precinct No. 5 of a public road, leading from the town of Dallas, in the county of Dallas, to the county line of said Dallas county, in the direction of the town of Alton. This charge may all be true, and yet the defendant may not be guilty of any omission of duty. Suppose there should be some noted place, or town, at some intermediate point on the public road mentioned, between the town of Dallas and the county line indicated in describing the public road, and the overseer had put up such mile-post, marking the distance from such town or noted place, this would certainly be a compliance with the law, exonerating him from the penalty of the act, while it might be true he had not done what was charged in the indictment. This fact ought to have been negatived by some allegation or charge in the indictment. We would further say, in passing, in reference to one of the exceptions of the appellee, that the penalty does not attach to the failure or neglect to meas-

ure the miles, but for failure to set up the mile-posts. He may know the distances without measurement, as is sometimes known from the position of posts formerly set up. And it is immaterial how he arrives at the distances, provided he sets up the mile-posts as directed. But the first exception was sufficient to quash the indictment. The judgment of the court below is therefore

AFFIRMED.